1  GREGG A. THORNTON (SBN 146282)
   KELLI GEORGE (SBN 225689)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA  94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendant
   Norma Basurto
6

7

8                    UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA         **PJH**

10                                              **C 06    4185**

11  ALLYSON DAY,                      CASE NO.

12          Plaintiff,               **NOTICE OF REMOVAL OF ACTION;**
                                     **UNDER 28 U.S.C. §1441(b)**
13     v.                            **(FEDERAL QUESTION)**

14  NORMA BASURTO, and DOES 1 to 50,

15          Defendants.

16

17     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18     PLEASE TAKE NOTICE that defendant Norma Basurto hereby

19  removes to this Court the state court action described below.

20     1.   On December 20, 2005 and action was commenced in the

21  Superior Court of the State of California in and for the County

22  of San Mateo, entitled Allyson Day, plaintiff v. Norma Basurto,

23  defendant, as case number CIV 451745. A true and correct copy of

24  that complaint is attached hereto as exhibit A.  That complaint

25  contained a single cause of action for intentional tort.

26     2.   The first date upon which defendant Norma Basurto

27  received a copy of said complaint was April 28, 2006, when

28  defendant was served with a copy of the said complaint and a

                                    1

111248.1 555.21963        **NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)**

Selman Breitman LLP
ATTORNEYS AT LAW

1   summons from said state court. A true and correct copy of that
2   summons is attached hereto as exhibit B.

3       3.    Defendant Norma Basurto filed and served a demurrer in
4   that state court action, contending that the complaint failed to
5   state a cause of action upon which relief could be granted.  The
6   basis for this demurrer was that plaintiff Allyson Day failed to
7   file a California Government Tort Claim prior to suing defendant
8   Norma Basurto, who was a state actor by virtue of being sued as a
9   Burlingame Police Officer, under common law tort theory.  True
10  and correct copies of defendant Norma Basurto's demurrer papers
11  are attached hereto as exhibit C.

12      4.    Plaintiff Allyson Day served an opposition to defendant
13  Norma Basurto's demurrer on June 6, 2006.  A true and correct
14  copy of plaintiff Allyson Day's opposition to demurrer is
15  attached hereto as exhibit D.

16      5.    Defendant Norma Basurto filed and served a reply to
17  plaintiff Allyson Day's opposition to defendant Norma Basurto's
18  demurrer on June 22, 2006.  A true and correct copy of plaintiff
19  Allyson Day's opposition to demurrer is attached hereto as
20  exhibit E.

21      6.    On June 29, 2006, the San Mateo County Superior Court
22  adopted a tentative ruling that sustained defendant Norma
23  Basurto's demurrer, with leave to amend.  In that order the San
24  Mateo County Superior Court noted that plaintiff's original
25  complaint contained an error in stating that a civil rights claim
26  is based upon Title 21, when it would have to be under Title 42.
27  A true and correct copy of that order is attached hereto as
28  exhibit F.

Selman Breitman LLP
ATTORNEYS AT LAW

2

**NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)**

1    7.    On June 28, 2006, plaintiff Allyson Day served a first

2    amended complaint in the San Mateo County Superior Court action.

3    A true and correct copy of that first amended complaint is

4    attached hereto as exhibit G.  In this first amended complaint,

5    for the first time, plaintiff Allyson Day asserted a claim for

6    violation of civil rights pursuant to 42 U.S.C. §1983, *et seq.*

7    8.    This action is a civil action of which this Court now

8    has original jurisdiction under 28 U.S.C. §1331, and is one which

9    may be removed to this Court by defendant pursuant to the

10   provisions of 28 U.S.C. §1441(b) in that it arises under 42

11   U.S.C. §1983, *et seq.*

12   9.    There are no other defendants, other than Norma

13   Basurto, who have been served with summons and complaint.

14

15   DATED: July 5, 2006         SELMAN BREITMAN LLP

16

17                              By:   _____
                                      GREGG A. THORNTON
18                                    Attorneys for Defendant
                                      NORMA BASURTO
19

20

21

22

23

24

25

26

27

28

                                      3
**NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)**

Selman Breitman LLP
ATTORNEYS AT LAW

**EXHIBIT A**

982.1(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>JOHN J. HARTFORD/50714<br>P.O. Box 1207<br>Redwood City, CA 94064-1207 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO: 650/366-7000  FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* Plaintiff  ALLYSON DAY | |

NAME OF COURT: SUPERIOR COURT, COUNTY OF SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME:

**ENDORSED FILED**
**SAN MATEO COUNTY**

DEC 2 0 2005

Clerk of the Superior Court
By  Jordan Maxwell
DEPUTY CLERK

PLAINTIFF: ALLYSON DAY

DEFENDANT: NORMA BASURTO, and

[X] DOES 1 TO ___50___

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE   [X] OTHER *(specify):*
[ ] Property Damage   [ ] Wrongful Death
[X] Personal Injury   [X] Other Damages *(specify):* Legal, etc.

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

CIV 451745

1. PLAINTIFF *(name):*   ALLYSON DAY

   alleges causes of action against DEFENDANT *(name):*   NORMA BASURTO and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: ___5___

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. July 1, 2002]

**COMPLAINT—Personal Injury, Property**
**Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
Rose Printing Catalog #982.1(1)A

| SHORT TITLE: DAY/BASURTO | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because (specify):

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DAY/BASURTO | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☒ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):*   severe emotional distress

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Complaint—Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   b. The amount of damages is *(you must check (1) in cases for personal injury or wrongful death):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: December 20, 2005

JOHN J. HARTFORD                              ▶
_____        _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE:     DAY/BASURTO | CASE NUMBER: |
|---|---|

_____ FIRST _____ **CAUSE OF ACTION—Intentional Tort**        Page __4__
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.   Plaintiff *(name):* ALLYSON DAY

alleges that defendant *(name):* NORMA BASURTO

and   [X] Does ___1___ to __50__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on *(date):*  December 20, 2003
at *(place):*  Burlingame, California

*(description of reasons for liability):*
1. On December 20, 2003, Plaintiff was a citizen of the U.S. exercising
her First Amendment rights by speaking and associating with ALICE KLIMA,
also a citizen of the U.S., in Burlingame, California, while they were
traveling in a vehicle operated by Plaintiff.
2. On said date, Defendant was a uniformed police officer employed by
the Burlingame Police Department.
3. On said date, KEKY DURREN, also a citizen of the U.S., was also a
police officer so employed by the Burlingame Police Department.
4. Prior to said date, Defendant and KEKY DURREN were involved in a
serious romantic relationship which the latter eventually terminated in
favor of ALICE KLIMA such that KEKY DURREN and ALICE KLIMA were involved
in a serious romantic relationship on and prior to December 20, 2003.
5. On said date, Defendant harbored malice and ill will towards both
KEKY DURREN and ALICE KLIMA which was rooted in jealousy and resentment.
6. On said date, Defendant while on patrol in uniform and acting at all
times under color of law and while operating a marked police vehicle
stopped Plaintiff after observing that ALICE KLIMA was a passenger in
Plaintiff's vehicle. There was no probable cause for said stop. Defendant
arrested Plaintiff for allegedly being under the influence of alcohol
while operating a motor vehicle. Defendant so acted solely out of said
malice and ill will and for the purpose of depriving Plaintiff of the
full and equal protection of the laws and the full enjoyment and exer-
cise of her said First Amendment rights of free speech and association
as well as travel. Defendant falsified her reports of the arrest so as
to enhance the success of a future prosecution all for the same reasons.
7. Plaintiff was eventually prosecuted criminally but all charges were
eventually dismissed for lack of credible evidence.
8. Plaintiff incurred substantial legal expenses in successfully defend-
ing herself against said false charges and suffered severe emotional dis-
tress all as a proximate result of said conduct of Defendant.
9. By virtue of the foregoing, Defendant violated the civil rights of
Plaintiff by depriving her of said rights and to be free of discriminatic
per 21 USC §§1983, 1985, and 1986.

| HORT TITLE: DAY/BASURTO | CASE NUMBER |
|---|---|

## Exemplary Damages Attachment

Page ____5____

ATTACHMENT TO ☒Complaint ☐Cross-Complaint

EX-1. As additional damages against defendant *(name):* NORMA BASURTO

Plaintiff alleges defendant was guilty of
☒ malice
☐ fraud
☒ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
1. Plaintiff refers to and incorporates herein by reference the allegat-
ions in ¶ IT-1 and incorporates same herein by reference.
2. Bottomline, Defendant abused Plaintiff in a manner intolerable in a
civilized society.

EX-3. The amount of exemplary damages sought is
a. ☒ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☐ $

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(13)

**Exemplary Damages Attachment**

CCP 425.12
Catalog # 982.1(13)

**EXHIBIT B**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:** NORMA BASURTO and DOES 1 to 50
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** ALLYSON DAY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT, COUNTY OF SAN MATEO<br>400 COUNTY CENTER<br>REDWOOD CITY, CA 94063 | CASE NUMBER:<br>*(Número del Caso):*<br>CIV 451745 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JOHN J. HARTFORD 50714                         650/366-7000
P.O. BOX 1207
REDWOOD CITY, CA 94064-1207                    **JORDAN MAXWELL**

| DATE:<br>*(Fecha)*  DEC 2 0 2005 | Clerk, by ————————— **JOHN C. FITTON**<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 4/28/06

Page 1 of 1

| [SEAL] | |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
Rose Printing Catalog #SUM-100

# EXHIBIT C

1  GREGG A. THORNTON (SBN 146282)
   KELLI GEORGE (SBN 225689)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA 94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendant
   Norma Basurto
6

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY 2 5 2006

Clerk of the Superior Court
By _____ M. YOUNG
        **DEPUTY CLERK**

7

8              SUPERIOR COURT OF CALIFORNIA

9       COUNTY OF SAN MATEO - UNLIMITED JURISDICTION

10

11  ALLYSON DAY,                           CASE NO. CIV 451745

12            Plaintiff,                   NOTICE OF HEARING ON DEMURRER
                                           AND DEMURRER TO PLAINTIFF
13       v.                                ALLYSON DAY'S COMPLAINT;
                                           MEMORANDUM OF POINTS AND
14  NORMA BASURTO, and DOES 1 to 50,       AUTHORITIES; REQUEST FOR
                                           JUDICIAL NOTICE
15            Defendant.
                                           Date   :  June 29, 2006
16                                         Time   :  9:00 a.m.
                                           Dept.  :  2
17                                         Judge  :  Hon.

18                                         Complaint Filed   :   December 20, 2005

19

20       PLEASE TAKE NOTICE that on June 29, 2006 at 9:00 a.m. or as soon therafter as

21  the matter can be heard in Department 2 of the above entitled court, NORMA BASURTO's

22  (hereinafter "Basurto") Demurrer to Plaintiff ALLYSON DAY's (hereinafter "Day")

23  complaint, served and filed by Basurto shall be heard in the above-entitled court.

24       COMES NOW, Basurto for herself individually and for no other Defendants,

25  hereby demurs to Plaintiff Day's complaint in its entirety as follows:

26      **DEMURRER BY BASURTO TO PLAINTIFF'S COMPLAINT IN ITS**

27                              **ENTIRETY**

28       1.    Plaintiff Day's Complaint fails to state a cause of action upon which relief

Selman Breitman LLP
ATTORNEYS AT LAW

1

**NOTICE OF HEARING ON DEMURRER AND DEMURRER TO PLAINTIFF ALLYSON DAY'S**
**COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE**

1    can be granted pursuant to California Code of Civil Procedure section 430.10(e) since

2    Plaintiff failed to indicate in her complaint whether she complied with or is excused from

3    complying with California Government Code sections 911.2, 945.4, 945.6, and 950.2.

4         This Demurrer is made pursuant to California Code of Civil Procedure section

5    430.10(e) and is based upon this notice of demurrer, the attached Memorandum of Points

6    and Authorities, the Request for Judicial Notice, all other pleadings, papers, and records on

7    file in this action, and upon such further oral testimony as may be presented by moving

8    party at the time of hearing.

9    DATED:  May 25, 2006                    SELMAN BREITMAN LLP

10

11                                            By:_____
                                                    KELLA GEORGE
12                                                  GREGG A. THORNTON
                                                 Attorneys for Defendant
13                                               Norma Basurto

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE OF HEARING ON DEMURRER AND DEMURRER TO PLAINTIFF ALLYSON DAY'S
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE**

Selman Breitman LLP
ATTORNEYS AT LAW

**PROOF OF SERVICE**

*Day v. Basurto, et al.*
San Mateo Superior Court Case No. 451745

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On May 25, 2006, I served the following document(s) described as 1) NOTICE OF HEARING ON DEMURRER AND DEMURRER TO PLAINTIFF ALLYSON DAY'S COMPLAINT; 2) MEMORANDUM OF POINTS AND AUTHORITIES; 3) REQUEST FOR JUDICIAL NOTICE on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

John J. Hartford, Esq.                    Attorneys For Plaintiff Allyson Day
LAW OFFICES OF JOHN J.                    Telephone: (650) 366-7000
HARTFORD                                  Fax: (650) 364-9454
2000 Broadway
P.O. Box 1207
Redwood City, CA 94064

☒   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to  for delivery to the addressee(s).

☐   **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐   **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 25, 2006, at San Francisco, California.

Kathleen Kugelmas

108919.1 555.21963

1

GREGG A. THORNTON (SBN 146282)
KELLI GEORGE (SBN 225689)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendant
Norma Basurto

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY 2 5 2006

Clerk of the Superior Court
By _____ M. YOUNG
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO - UNLIMITED JURISDICTION

ALLYSON DAY,

Plaintiff,

v.

NORMA BASURTO, and DOES 1 to 50,

Defendant.

CASE NO. CIV 451745

NORMA BASURTO'S MEMORANDUM
OF POINTS AND AUTHORITIES IN
SUPPORT OF HER DEMURRER TO
PLAINTIFF'S COMPLAINT FOR
FAILURE TO STATE FACTS
SUFFICIENT TO CONSTITUTE A CAUSE
OF ACTION

Date   : June 29, 2006
Time   : 9:00 a.m.
Dept.  : 2
Judge  : Hon.

Complaint Filed   :   December 20, 2005

Defendant Norma Basurto (hereinafter "Basurto") hereby submits the following
Memorandum of Points and Authorities in support of her Demurrer to Plaintiff Allyson
Day's (hereinafter "Day") complaint in its entirety that alleges a single cause of action for
intentional tort filed herein on December 20, 2005, civil court case number CIV 451745.

## I.   INTRODUCTION

Basurto files this Demurrer to Plaintiff Day's complaint in its entirety for failure to
state facts sufficient to constitute a cause of action. Day's complaint fails to state facts
sufficient to constitute a cause of action because Day failed to indicate in her Complaint

Selman Breitman LLP
ATTORNEYS AT LAW

1  whether she complied with the required claims provisions of the California Government

2  Code (hereinafter "Cal. Govt. C.") in order to bring her complaint against Basurto, a

3  Burlingame police officer on duty at the time of Plaintiff's allegations.

## II.  STATEMENT OF FACTS

Plaintiff Day filed a complaint on December 20, 2005 alleging one cause of action for an intentional tort. (See Exhibit A attached to Basurto's Request for Judicial Notice (hereinafter "BRFJN").) In Plaintiff's attachment to her first and only cause of action, she provides a description for the intentional tort she alleges against Basurto.

Plaintiff's description of the intentional tort frames the tort as one involving "First Amendment' issues of "U.S. citizens" whose civil rights were infringed when Basurto ". . . *on patrol in uniform and acting at all times under color of law and while operating a marked police vehicle stopped Plaintiff . . . for allegedly being under the influence of alcohol while operating a motor vehicle*." (Exhibit A p. 4 attached to BRFJN.) Plaintiff goes on to state that Basurto had no probable cause for the stop and was acting out of ". . . malice and ill will . . ." due to a prior romantic relationship between Plaintiff and Basurto. Plaintiff alleges monetary and emotional damages as a result of having to defend herself against criminal prosecution. (Exhibit A p. 4 attached to BRFJN.)

Plaintiff filed her complaint using the approved Judicial Council complaint form. Page 2, section 9 of the Judicial Council complaint form is to be filled out if a Plaintiff is required to comply with a claims statute. Plaintiff failed to fill out or to mark any boxes in this section of her complaint to indicate that Plaintiff complied with the relevant Cal. Govt. C. claims statutes, or that she is excused from compliance. (Exhibit A p. 2 attached to BRFJN.)

## III.  A DEMURRER CHALLENGES THE SUFFICIENCY OF THE ALLEGATIONS OF THE COMPLAINT BASED UPON THE ALLEGATIONS SET FORTH WITHIN THE COMPLAINT

California Code of Civil Procedure (hereinafter "Cal. Code of Civ. Proc.") section 430.10(e) provides in pertinent part:

1
2
3
4

"The party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:

5

. . .

6
7

(e) The pleading does not state facts sufficient to constitute a cause of action."

8       The purpose of a demurrer is to test the legal sufficiency of factual allegations in a

9   complaint. Cal. Code of Civ. Proc. §589(a). A pleading must state facts sufficient to

10  constitute a cause of action. Cal. Code of Civ. Proc. § 430.10(e). Failure to plead facts

11  upon which liability depends or "ultimate facts" subjects the complaint to demurrer for

12  "failure to state facts constituting the cause of action." Cal. Code of Civ. Proc. §

13  430.10(e).

14      The Supreme Court of California in *State Court of California v. Superior Court of*

15  *Kings County* (2004) 32 Cal.4th 1234, held that a plaintiff must allege facts demonstrating

16  or excusing compliance with the claim presentation requirement. *State Court of California*

17  *v. Superior Court of Kings County*, *supra*, 32 Cal.4th at 1243 (referring to the claims

18  procedure under Cal. Govt. C. sections 900, et seq.). Otherwise, his complaint is subject to

19  a general demurrer for failure to state facts sufficient to constitute a cause of action.

20  *Supreme Court of California in State Court of California v. Superior Court of Kings*

21  *County*, *supra*, 32 Cal.4th at 1243.

22      Therefore, here, where Plaintiff has failed to allege facts demonstrating or excusing

23  compliance with the claim requirements for bringing an action against a public employee

24  for acts occurring within the scope of employment, Basurto's demurrer should be granted.

25  **IV.   ARGUMENT**

26      Plaintiff's complaint clearly alleges an intentional tort against Basurto for acts that

27  occurred during the course and scope of Basurto's employment as a Burlingame police

28  officer. As a result, Plaintiff is required to comply with the claims provisions under Cal.

Selman Breitman LLP
ATTORNEYS AT LAW

108760.1 555.21963

3

1    Govt. C. sections 900, et seq. that apply to any and all actions for money or damages made

2    against public employees acting within the course and scope of employment.

3         **A.    Plaintiff's Complaint Alleges That Basurto Was Acting Within the**

4               **Course And Scope of Her Employment As A Public Employee**

5         The claims procedures and the statute of limitations applicable to actions against

6    public employees are the same for actions against public entities. See generally, Cal. Govt.

7    C. §§ 950-950.6. Thus, presentation of a claim to the public employer, and the public

8    employer's rejection of the claim, are normally a prerequisite to legal action against a

9    public employee for acts and omissions within the course and scope of public employment.

10   Cal. Govt. C. § 950.2.

11        When facts appear from the pleadings that at the time of the alleged tortuous act or

12   omission, the defendant was acting within the scope of employment as a public officer and

13   compliance with the claims-presentation requirements is not shown, dismissal of the action

14   is warranted. *Neal v. Gatlin* (1973) 35 Cal.App.3d 871; *Meester v. Davies* (1970) 11

15   Cal.App.3d 342. If the object or end to be accomplished is within the employee's express

16   or implied authority his act is deemed to be within the scope of his employment

17   irrespective of its wrongful nature. *Neal v. Gatlin, supra*, 35 Cal.App.3d at 875. Since

18   there is no special definition of "scope of employment" in the statute, general principles of

19   employment and vicarious liability apply. *Mary M. v. City of Los Angeles* (1991) 54

20   Cal.3d 202, 209.

21        As stated, Plaintiff clearly alleges in her complaint that Basurto ". . . *on patrol in*

22   *uniform and acting at all times under color of law and while operating a marked police*

23   *vehicle stopped Plaintiff . . . for allegedly being under the influence of alcohol while*

24   *operating a motor vehicle.*" (Exhibit A p. 4 attached to BRFJN.) As an officer of the law,

25   stopping individuals who are suspected to be driving under the influence is expressly

26   authorized in a police officer's scope of employment. Plaintiff's allegations that the reason

27   for the stop was due to a past relationship between Plaintiff and Defendant does not take

28   away the fact that Plaintiff's claim involves Defendant's duties as a police officer, thereby

4

Selman Breitman LLP
ATTORNEYS AT LAW

1    triggering the claims procedures required by law for actions against public employees.

2    Therefore, Plaintiff is required to comply with the claims-presentation requirements

3    under Cal. Govt. C. sections 900, et seq.

### B. Plaintiff Is Required to Comply With Cal. Govt. C. Sections 950.2, 945.4, 946.6, and 911.2

6    As a general statutory requirement, subject to certain exceptions not applicable

7    here, an action for "money or damages" may not be maintained against a public employee

8    unless a written claim has first been timely presented to the public employer, here the City

9    of Burlingame. Cal. Govt. C. §§ 905, 905.2, 945.4. Compliance with this procedure or the

10   existence of circumstances excusing compliance, must be alleged by the plaintiff to state a

11   cause of action. *State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239. Failure to

12   allege compliance with this Government Tort Claims Act requirements is grounds for

13   demurrer. *State v. Superior Court, supra,* 32 Cal.4th 1234, 1239. If claims procedures

14   were not fully satisfied before suit, the complaint should allege facts sufficient to support

15   one or more of the available grounds for excuse. See, *e.g.*, *Fredrichsen v. City of*

16   *Lakewood* (1971) 6 Cal.3d 353; *Jamison v. State* (1973) 31 Cal.App.3d 513.

17   The purpose is "to give the public entity the opportunity to evaluate the merit and

18   extent of its liability and determine whether to grant the claim without the expense of

19   litigation". *Crow v. State* (1990) 222 Cal.App.3d 192,202.

20   Cal. Govt. C. section 945.4 states the general rule that "no suit for money or

21   damages may be brought against a public entity on a cause of action for which a claim is

22   required to be presented . . . until a written claim therefore has been presented to the public

23   entity" and has been rejected in whole or in part. See, Cal. Govt. C. § 945.4.

24   The time limit to present a claim for causes of action for death, injury to person,

25   injury to personal property, and injury to growing crops must be filed within six (6)

26   months after the accrual of the cause of action. Cal. Govt. C. § 911.2(a).

27   Here, Plaintiff's complaint fails to identify in section nine (9) of the complaint on

28   page two (2) whether Plaintiff complied with these claims provisions or is excused from

Selman Breitman LLP
ATTORNEYS AT LAW

108760.1 555.21963

5

1    complying with these provisions. Therefore, Plaintiff's complaint is subject to demurrer by

2    Basurto as provided in *State v. Superior Court, supra,* 32 Cal.4th 1234, 1239.

3         **C.    Plaintiff Did Not Indicate In Her Complaint That She Complied With**

4                 **Or Is Excused From Complying With Cal. Govt. C. Claims Provisions**

5         Plaintiff Day filed her Complaint using the approved Judicial Council forms. Page

6    two (2) of the Judicial Council form, section nine (9), requires the person filing out the

7    form to mark whether the Plaintiff, if required to comply with a claims statute, complied or

8    is excused from complying with the claims statute. (Exhibit A, page 2, section 9 attached

9    to BRFJN.) Even Judicial Council form pleadings are not immune from demurrer. *People*

10   *ex rel. Department of Transp. V. Sup. Ct. (Verdeja)* (1992) 5 Cal.4th 1480, 1484.

11        Plaintiff Day's Complaint left section nine (9) on page two (2) unmarked and blank.

12   Pursuant to Cal. Govt. C. sections 950.2, 945.4, 946.6, and 911.2, Day is required to

13   comply with these claims statutes. Therefore, Basurto should not have left section nine (9)

14   of her Complaint unmarked and blank.

15        As a result of section nine (9) in Day's Complaint being unmarked and blank, Day's

16   Complaint is demurrable for not stating a cause of action upon which relief can be granted

17   pursuant to Cal. Code of Civ. Proc. section 430.10(e) since Day has not evidenced her

18   compliance with the relevant Cal. Govt. C. claims statutes.

19   **V.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND**

20        Plaintiff Day should not be granted leave to amend since the complaint is incapable

21   of amendment. There is no possibility that Day can cure her defective complaint by

22   amendment because of the time that has lapsed between the accrual of Day's cause of

23   action and the time for her to present her claim to the City of Burlingame as required under

24   Cal. Govt. C. sections 900, et seq.

25        Leave to amend should be denied where the facts are not in dispute and the nature

26   of the claim is clear but no liability exists under substantive law, where the only issues are

27   legal ones. *Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436. The burden is

28   on the plaintiff to show in what manner he or she can amend the complaint, and how that

Selman Breitman LLP
ATTORNEYS AT LAW

1   amendment will change the legal effect of the pleading. *Goodman v. Kennedy* (1976) 18

2   Cal.3d 335, 349.

3       Plaintiff's complaint states that she sustained her alleged injuries on December 20,

4   2003. Pursuant to Cal. Govt. C. section 911.2 a claim relating to a cause of action for

5   injury to person shall be presented *not later than six months* after the accrual of the cause

6   of action. See, Cal. Govt. C. § 911.2. Moreover, Plaintiff's only recourse would be to

7   apply to this court for leave to present a claim under Cal. Govt. C. section 946.6.

8   However, under this section this petition is required to be brought within six months after

9   the application to the public entity is deemed denied. See, Cal. Govt. C. § 946.6. This

10  means that Day only had one year after the accrual of her cause of action to bring a

11  petition. It has been over two years since Day's cause of action accrued, therefore this

12  court has no power to grant Day any relief. Therefore, Plaintiff has no recourse to cure her

13  defective complaint against Basurto and should not be granted leave to amend.

14  **VI.   CONCLUSION**

15      Basurto's demurrer should be granted because Plaintiff has failed to allege facts

16  demonstrating or excusing compliance with the claim requirements for bringing an action

17  against a public employee for acts occurring within the scope of employment. Moreover,

18  Day should not be granted leave to amend since even this court lacks power to grant Day

19  any relief from the claims procedures.

20  DATED: May 25, 2006          SELMAN BREITMAN LLP

21

22                              By:_____
                                    KELLI GEORGE
23                                  GREGG A. THORNTON
                                    Attorneys for Defendant
24                                  Norma Basurto

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

1  GREGG A. THORNTON (SBN 146282)
   KELLI GEORGE (SBN 225689)
2  SELMAN BREITMAN LLP
   33 New Montgomery, Sixth Floor
3  San Francisco, CA 94105
   Telephone: (415) 979-0400
4  Facsimile: (415) 979-2099

5  Attorneys for Defendant
   Norma Basurto
6

7

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY 2 5 2006

Clerk of the Superior Court
By_____M. YOUNG_____
        DEPUTY CLERK

8              SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF SAN MATEO - UNLIMITED JURISDICTION

10

11  ALLYSON DAY,                      CASE NO. CIV 451745

12          Plaintiff,               REQUEST FOR JUDICIAL NOTICE IN
                                     SUPPORT OF NORMA BASURTO'S
13      v.                           DEMURRER TO PLAINTIFF'S
                                     COMPLAINT
14  NORMA BASURTO, and DOES 1 to 50,
                                     Date  :  June 29, 2006
15          Defendant.               Time  :  9:00 a.m.
                                     Dept. :  2
16                                   Judge :  Hon.

17                                   Complaint Filed   :   December 20, 2005

18

19

20      Pursuant to Cal. Code of Civ. Proc. section 430.70 and Evid. Code sections 452 and

21  453, Defendant NORMA BASURTO hereby requests that this court take judicial notice of

22  the following documents:

23      1.      Plaintiff's complaint filed in this court on December 20, 2005, titled Day v.

24  Basurdo, civil court case number CIV 451745 attached hereto as Exhibit A.

25      2.      California Government Code sections 911.2, 945.4, 946.6, 950.2.

26      Evidence Code §453 states that the trial court shall take judicial notice of any matter

27  specified in Evidence Code §452 if a party requests it and gives adverse parties sufficient

28  notice of the request, and gives the court sufficient information to enable it to take judicial

Selman Breitman LLP
ATTORNEYS AT LAW

1
**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NORMA BASURTO'S DEMURRER TO**
**PLAINTIFF'S COMPLAINT**

1  notice of the matter.

2      Evidence Code §452(d) states that judicial notice may be taken of records of any

3  court of this state, or of any court record in the United States, or any of the United States.

4      A court may not only take judicial notice of the existence of each document in a

5  court file, but the court may also take judicial notice of the truth of the facts asserted in

6  documents such as orders, findings of fact and conclusions of law, and judgments.

7  *Ramsden v. Western Union* (1977) 71 Cal.App.3d 873, 879.

8      For these reasons, it is respectfully requested that this Court take judicial notice of

9  the existence and content of the document listed above and attached hereto.

10  DATED: May 25, 2006                    SELMAN BREITMAN LLP

11

12                                          By: _____
                                                 KALLI GEORGE
13                                               GREGG A. THORNTON
                                              Attorneys for Defendant
14                                            Norma Basurto

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Selman Breitman LLP
ATTORNEYS AT LAW

1088821 555.21963

2

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NORMA BASURTO'S DEMURRER TO PLAINTIFF'S COMPLAINT**

982.1(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>JOHN J. HARTFORD/50714<br>P.O. Box 1207<br>Redwood City, CA 94064-1207<br><br>TELEPHONE NO: 650/366-7000  FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff  ALLYSON DAY | FOR COURT USE ONLY<br><br>COPY |
|---|---|
| NAME OF COURT: SUPERIOR COURT, COUNTY OF SAN MATEO<br>STREET ADDRESS: 400 County Center<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Redwood City, CA 94063<br>BRANCH NAME: | **ENDORSED FILED**<br>**SAN MATEO COUNTY** |
| PLAINTIFF: ALLYSON DAY<br><br>DEFENDANT: NORMA BASURTO, and<br><br>[X] DOES 1 TO ___50___ | DEC 2 0 2005<br><br>Clerk of the Superior Court<br>By __Jordan Maxwell__<br>DEPUTY CLERK |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>    [ ] AMENDED *(Number):*<br>Type *(check all that apply):*<br>    [ ] MOTOR VEHICLE   [X] OTHER *(specify):*<br>    [ ] Property Damage   [ ] Wrongful Death<br>    [X] Personal Injury   [X] Other Damages *(specify):* Legal, etc. | |
| Jurisdiction *(check all that apply):*<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>    Amount demanded  [ ] does not exceed $10,000<br>        [ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint<br>    [ ] from limited to unlimited<br>    [ ] from unlimited to limited | CASE NUMBER:<br><br>CIV 451745 |

1. PLAINTIFF *(name):*   ALLYSON DAY

   alleges causes of action against DEFENDANT *(name):*   NORMA BASURTO and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: ___5___

3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor   [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Form Approved for Optional Use<br>Judicial Council of California<br>982.1(1) [Rev. July 1, 2002]

**COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death**

Code of Civil Procedure, § 425.12<br>Ross Printing Catalog #982.1(1)A

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DAY/BASURTO | |

4. ☐ Plaintiff (name):
    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☐ except defendant (name):
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):

     (4) ☐ a public entity (describe):

     (5) ☐ other (specify):

  c. ☐ except defendant (name):
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):

     (4) ☐ a public entity (describe):

     (5) ☐ other (specify):

  b. ☐ except defendant (name):
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):

     (4) ☐ a public entity (describe):

     (5) ☐ other (specify):

  d. ☐ except defendant (name):
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):

     (4) ☐ a public entity (describe):

     (5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
  a. ☐ plaintiff has complied with applicable claims statutes, or
  b. ☐ plaintiff is excused from complying because (specify):

| SHORT TITLE: DAY/BASURTO | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    a. ☐ Motor Vehicle
    b. ☐ General Negligence
    c. ☒ Intentional Tort
    d. ☐ Products Liability
    e. ☐ Premises Liability
    f. ☐ Other *(specify):*

11. Plaintiff has suffered
    a. ☒ wage loss
    b. ☒ loss of use of property
    c. ☒ hospital and medical expenses
    d. ☒ general damage
    e. ☐ property damage
    f. ☐ loss of earning capacity
    g. ☒ other damage *(specify):*   severe emotional distress

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. ☐ listed in Complaint—Attachment 12.
    b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. (1) ☒ compensatory damages
       (2) ☒ punitive damages
    b. The amount of damages is *(you must check (1) in cases for personal injury or wrongful death):*
       (1) ☒ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: December 20, 2005

JOHN J. HARTFORD ▶

| (TYPE OR PRINT NAME) | (SIGNATURE OF PLAINTIFF OR ATTORNEY) |
|---|---|

| SHORT TITLE: DAY/BASURTO | CASE NUMBER: |
|---|---|

_____ FIRST _____ **CAUSE OF ACTION—Intentional Tort**      Page ___4___
  (number)

ATTACHMENT TO  [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name)*:  ALLYSON DAY

   alleges that defendant *(name)*:  NORMA BASURTO

   and   [X] Does ____1___ to __50___

   was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
   intentionally caused the damage to plaintiff
   on *(date)*:  December 20, 2003
   at *(place)*:  Burlingame, California

   *(description of reasons for liability)*:
   1. On December 20, 2003, Plaintiff was a citizen of the U.S. exercising
   her First Amendment rights by speaking and associating with ALICE KLIMA,
   also a citizen of the U.S., in Burlingame, California, while they were
   traveling in a vehicle operated by Plaintiff.
   2. On said date, Defendant was a uniformed police officer employed by
   the Burlingame Police Department.
   3. On said date, KEKY DURREN, also a citizen of the U.S., was also a
   police officer, so employed by the Burlingame Police Department.
   4. Prior to said date, Defendant and KEKY DURREN were involved in a
   serious romantic relationship which the latter eventually terminated in
   favor of ALICE KLIMA such that KEKY DURREN and ALICE KLIMA were involved
   in a serious romantic relationship on and prior to December 20, 2003.
   5. On said date, Defendant harbored malice and ill will towards both
   KEKY DURREN and ALICE KLIMA which was rooted in jealousy and resentment.
   6. On said date, Defendant while on patrol in uniform and acting at all
   times under color of law and while operating a marked police vehicle
   stopped Plaintiff after observing that ALICE KLIMA was a passenger in
   Plaintiff's vehicle. There was no probable cause for said stop. Defendant
   arrested  Plaintiff for allegedly being under the influence of alcohol
   while operating a motor vehicle. Defendant so acted solely out of said
   malice and ill will and for the purpose of depriving Plaintiff of the
   full and equal protection of the laws and the full enjoyment and exer-
   cise of her said First Amendment rights of free speech and association
   as well as travel. Defendant falsified her reports of the arrest so as
   to enhance the success of a future prosecution all for the same reasons.
   7. Plaintiff was eventually prosecuted criminally but all charges were
   eventually dismissed for lack of credible evidence.
   8. Plaintiff incurred substantial legal expenses in successfully defend-
   ing herself against said false charges and suffered severe emotional dis-
   tress all as a proximate result of said conduct of Defendant.
   9. By virtue of the foregoing, Defendant violated the civil rights of
   Plaintiff by depriving her of said rights and to be free of discriminatic
   per 21 USC §§1983, 1985, and 1986.

| TORT TITLE: DAY/BASURTO | CASE NUMBER |
|---|---|

## Exemplary Damages Attachment

Page ___5___

ATTACHMENT TO ☒Complaint ☐Cross-Complaint

EX-1. As additional damages against defendant (name): NORMA BASURTO

Plaintiff alleges defendant was guilty of
☒ malice
☐ fraud
☒ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
1. Plaintiff refers to and incorporates herein by reference the allegat-
ions in ¶ IT-1 and incorporates same herein by reference.
2. Bottomline, Defendant abused Plaintiff in a manner intolerable in a
civilized society.

EX-3. The amount of exemplary damages sought is
a. ☒ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☐ $

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(13)

**Exemplary Damages Attachment**

CCP 425 12
Catalog # 982.1(13)

Service: **Get by LEXSTAT®**
TOC: <u>Deerings California Code Annotated, Court Rules and ALS</u> > <u>/ . . . /</u> > <u>ARTICLE 1. General</u> > **§ 911.2. Times for presentment of claims**
Citation: **Cal. Govt. Code s 911.2**

*Cal Gov Code § 911.2*

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2006 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2006 CH. 34, APPROVED 5/19/06 \*\*\*

GOVERNMENT CODE
TITLE 1. GENERAL
DIVISION 3.6. Claims and Actions Against Public Entities and Public Employees
PART 3. Claims Against Public Entities
CHAPTER 2. Presentation and Consideration of Claims
ARTICLE 1. General

### ♦ **GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Gov Code § 911.2 (2006)

§ 911.2. Times for presentment of claims

(a) A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) not later than one year after the accrual of the cause of action.

(b) For purposes of determining whether a claim was commenced within the period provided by law, the date the claim was presented to the California Victim Compensation and Government Claims Board is one of the following:

(1) The date the claim is submitted with a twenty-five dollar (\$ 25) filing fee.

(2) If a fee waiver is granted, the date the claim was submitted with the affidavit requesting the fee waiver.

(3) If a fee waiver is denied, the date the claim was submitted with the affidavit requesting the fee waiver, provided the filing fee is paid to the board within 10 calendar days of the mailing of the notice of the denial of the fee waiver.

Service: **Get by LEXSTAT®**
TOC: <u>Deerings California Code Annotated, Court Rules and ALS</u> > <u>/ . . . /</u> > <u>ARTICLE 1. General</u>
> **§ 911.2. Times for presentment of claims**
Citation: **Cal. Govt. Code s 911.2**
View: **Custom**
Segments: Text
Date/Time: Wednesday, May 24, 2006 - 7:23 PM EDT

 **LexisNexis®**

About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT®**
TOC: Deerings California Code Annotated, Court Rules and ALS > / . . . / > CHAPTER 2. Actions Against Public Entities > **§ 945.6. Limitation as to time for commencing suit when claim required; Time for person sentenced to imprisonment**
Citation: **Cal. Govt. Code s 945.6**

*Cal Gov Code § 945.6*

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2006 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2006 CH. 34, APPROVED 5/19/06 \*\*\*

GOVERNMENT CODE
TITLE 1. GENERAL
DIVISION 3.6. Claims and Actions Against Public Entities and Public Employees
PART 4. Actions Against Public Entities and Public Employees
CHAPTER 2. Actions Against Public Entities

#### ♦ **GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Gov Code § 945.6 (2006)

§ 945.6. Limitation as to time for commencing suit when claim required; Time for person sentenced to imprisonment

(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced:

(1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail.

(2) If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. If the period within which the public entity is required to act is extended pursuant to subdivision (b) of Section 912.4, the period of such extension is not part of the time limited for the commencement of the action under this paragraph.

(b) When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limit for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a).

(c) A person sentenced to imprisonment in a state prison may not commence a suit on a cause of action described in subdivision (a) unless he presented a claim in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division.

Service: **Get by LEXSTAT®**
TOC: Deerings California Code Annotated, Court Rules and ALS > _/ . . ./_ > CHAPTER 2. Actions Against Public Entities > **§ 945.6. Limitation as to time for commencing suit when claim required; Time for person sentenced to imprisonment**
Citation: **Cal. Govt. Code s 945.6**
View: **Custom**
Segments: State, Text
Date/Time: Wednesday, May 24, 2006 - 7:24 PM EDT

 About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT®**
TOC: Deerings California Code Annotated, Court Rules and ALS > /.../ > CHAPTER 2. Actions Against Public
Entities > **§ 946.6. Judicial relief from bar to sue because of nonpresentation of claim**
Citation: **Cal. Govt. Code s 946.6**

*Cal Gov Code § 946.6*

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2006 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2006 CH. 34, APPROVED 5/19/06 \*\*\*

GOVERNMENT CODE
TITLE 1. GENERAL
DIVISION 3.6. Claims and Actions Against Public Entities and Public Employees
PART 4. Actions Against Public Entities and Public Employees
CHAPTER 2. Actions Against Public Entities

### ♦ **GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Gov Code § 946.6 (2006)

§ 946.6. Judicial relief from bar to sue because of nonpresentation of claim

(a) If an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from Section 945.4. The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates. If the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court. If an action on the cause of action to which the claim relates would be a limited civil case, a proceeding pursuant to this section is a limited civil case.

(b) The petition shall show each of the following:

(1) That application was made to the board under Section 911.4 and was denied or deemed denied.

(2) The reason for failure to present the claim within the time limit specified in Section 911.2.

(3) The information required by Section 910.

The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

(c) The court shall relieve the petitioner from the requirements of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that one or more of the following is applicable:

(1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced in the defense of the claim if the court relieves the petitioner from the requirements of Section

945.4.

(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim.

(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time.

(4) The person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim.

(d) A copy of the petition and a written notice of the time and place of hearing shall be served before the hearing as prescribed by subdivision (b) of Section 1005 of the Code of Civil Procedure on (1) the clerk or secretary or board of the local public entity, if the respondent is a local public entity, or (2) the Attorney General, if the respondent is the state. If the petition involves a claim arising out of alleged actions or inactions of the Department of Transportation, service of the petition and notice of the hearing shall be made on the Attorney General or the Director of Transportation. Service on the Attorney General may be accomplished at any of the Attorney General's offices in Los Angeles, Sacramento, San Diego, or San Francisco. Service on the Director of Transportation may be accomplished only at the Department of Transportation's headquarters office in Sacramento. If the petition involves a claim arising out of alleged actions or inactions of a judicial branch entity, service of the petition and notice of the hearing shall be made in accordance with the following:

(1) If the petition involves a claim arising out of alleged actions or inactions of a superior court or a judge, court executive officer, or trial court employee, as defined in Section 811.9, of the court, service shall be made on the court executive officer.

(2) If the petition involves a claim arising out of alleged actions or inactions of a court of appeals or a judge thereof, service shall be made on the Clerk/Administrator of the court of appeals.

(3) If the petition involves a claim arising out of alleged actions or inactions of the Supreme Court or a judge thereof, service shall be made on the Clerk of the Supreme Court.

(4) If the petition involves a claim arising out of alleged actions or inactions of the Judicial Council or the Administrative Office of the Courts, service shall be made on the secretariat of the Judicial Council.

(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition.

(f) If the court makes an order relieving the petitioner from Section 945.4, suit on the cause of action to which the claim relates shall be filed with the court within 30 days thereafter.

Service: **Get by LEXSTAT®**
TOC: Deerings California Code Annotated, Court Rules and ALS > / . . . / > CHAPTER 2. Actions Against Public
    Entities > § 946.6. Judicial relief from bar to sue because of nonpresentation of claim
Citation: **Cal. Govt. Code s 946.6**
View: **Custom**
Segments: Text

Date/Time: Wednesday, May 24, 2006 - 7:25 PM EDT

 **LexisNexis®** About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Service: **Get by LEXSTAT®**
TOC: Deerings California Code Annotated, Court Rules and ALS > / . . . / > CHAPTER 3. Actions Against Public Employees > **§ 950.2. When action barred for failure to present claim or commence action within time specified**
Citation: **Cal. Govt. Code s 950.2**

*Cal Gov Code § 950.2*

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2006 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\*\*\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED \*\*\*
\*\*\* THROUGH 2006 CH. 34, APPROVED 5/19/06 \*\*\*

GOVERNMENT CODE
TITLE 1. GENERAL
DIVISION 3.6. Claims and Actions Against Public Entities and Public Employees
PART 4. Actions Against Public Entities and Public Employees
CHAPTER 3. Actions Against Public Employees

### ♦ **GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Gov Code § 950.2 (2006)

§ 950.2. When action barred for failure to present claim or commence action within time specified

Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury.

Service: **Get by LEXSTAT®**
TOC: Deerings California Code Annotated, Court Rules and ALS > / . . . / > CHAPTER 3. Actions Against Public Employees > **§ 950.2. When action barred for failure to present claim or commence action within time specified**
Citation: **Cal. Govt. Code s 950.2**
View: **Custom**
Segments: Text
Date/Time: Wednesday, May 24, 2006 - 7:25 PM EDT

 **LexisNexis®** About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# EXHIBIT D

1 | JOHN J. HARTFORD
Attorney at Law/050714
2 | 2000 Broadway, Suite 236
Post Office Box 1207
3 | Redwood City, CA 94064
Telephone: (650) 366-7000
4 |

5 | Attorney for Plaintiff
ALLYSON DAY
6 |

7 |

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN MATEO

10 |

11 | ALLYSON DAY,                                NO. CIV451745

12 |              Plaintiff,          MEMORANDUM OF POINTS AND
                                     AUTHORITIES BY PLAINTIFF IN
13 | vs.                             OPPOSITION TO DEMURRER

14 | NORMA BASURTO, et al.,           Date: 6/29/06
                                     Time: 9:00 A.M.
15 |              Defendants.    /    Dept.: 2, Hon. M. Weiner

16 |                              I

17 |       With regard to Defendant's contention that the federal civil

18 | rights cause of action alleged in the Complaint necessitated a

19 | governmental claim and an allegation regarding same, it has always

20 | been the law that state court claims are not required for federal

21 | civil rights causes of action made in state courts including those

22 | in California. See Williams v. Horvath, 16 Cal.3d 834 (1976).

23 |                              II

24 |       The demurrer should be overruled accordingly.

25 |

26 | Dated: June 6, 2006

27 |                                  JOHN J. HARTFORD
                                     Attorney for Plaintiff

28 |

MEMO. OF P.& A. BY PLAINTIFF IN OPP. TO DEMURRER

1                         PROOF OF SERVICE

2      I, JOHN J. HARTFORD, declare:

3      I am employed in the County of San Mateo, California. I am

4 over the age of eighteen years, am not a party to the within action,

5 and my business address is 2000 Broadway, P.O. Box 1207, Redwood

6 City, California 94064.

7      On ___6/6_____, 2006, I served the following:

8 NOTICE OF TAKING DEPOSITION, FORM INTERROGATORIES, REQUEST FOR

9 ADMISSIONS, REQUEST FOR PRODUCTION, CASE MANAGEMENT STATEMENT,

10 MEMORANDUM OF POINTS AND AUTHORITIES BY PLAINTIFF IN OPPOSITION

11 TO DEMURRER

12 by placing a true copy thereof in a sealed envelope with the post-

13 age thereon fully prepaid in the mail in the County of San Mateo,

14 California, addressed as follows to the following:

15 GREGG A. THORNTON
   SELMAN BREITMAN
16 33 New Montgomery, 6th Fl.
   San Francisco, CA 94105
17

18

19

20

21

22

23      I declare under penalty of perjury that the foregoing is

24 true and correct. Executed on ___6/6_____, 2006,

25 at Redwood City, California.

26

27                               _____
                                   JOHN J. HARTFORD
28

**EXHIBIT E**



1    GREGG A. THORNTON (SBN 146282)
      KELLI GEORGE (SBN 225689)
2    SELMAN BREITMAN LLP
      33 New Montgomery, Sixth Floor
3    San Francisco, CA 94105
      Telephone: (415) 979-0400
4    Facsimile: (415) 979-2099

5    Attorneys for Defendant
      Norma Basurto

6

7

**ENDORSED FILED**
**SAN MATEO COUNTY**

JUN 2 2 2006

Clerk of the Superior Court
By   B. BEDRINI
     DEPUTY CLERK

8                SUPERIOR COURT OF CALIFORNIA

9      COUNTY OF SAN MATEO - UNLIMITED JURISDICTION

10

11    ALLYSON DAY,                CASE NO. CIV 451745

12          Plaintiff,          DEFENDANT NORMA BASURTO'S
                                REPLY TO PLAINTIFF ALLYSON DAY'S
13          v.               OPPOSITION TO DEFENDANT NORMA
                                BASURTO'S DEMURRER FOR FAILURE
14    NORMA BASURTO, and DOES 1 to 50,    TO STATE FACTS SUFFICIENT TO
                                CONSTITUTE A CAUSE OF ACTION
15          Defendant.

16                     Date  : June 29, 2006
                        Time  : 9:00 a.m.
17                    Dept.  : 2

18                   Complaint Filed  : December 20, 2005

19

20      Defendant Norma Basurto (hereinafter "Basurto") hereby submits the following

21    Reply to Plaintiff Allyson Day's (hereinafter "Day") Opposition to Basurto's Memorandum

22    of Points and Authorities in support of her Demurrer to Day's complaint in its entirety that

23    alleges a single cause of action for an Intentional Tort filed herein on December 20, 2005.

24    **I.      PLAINTIFF DAY'S COMPLAINT PLEADS ONE CAUSE OF ACTION FOR**

25           **AN INTENTIONAL TORT WHICH IS A STATE CAUSE OF ACTION**

26           **SUBJECT TO THE GOVERNMENT TORT CLAIMS ACT**

27      Plaintiff Day's opposition to Basurto's demurrer merely states ". . . that state court

28    claims are not required for federal civil rights causes of action made in state courts." See

                                              1

1   Plaintiff's Opposition attached to the Declaration of Kelli E. George as **Exhibit A**. Day

2   cites to the case *Wiliams v. Horvath* (1976) 16 Cal.3d 834, in support of her position. In

3   *Williams*, the plaintiffs clearly filed an action under the Civil Rights Act. See *Wiliams v.*

4   *Horvath, supra,* 16 Cal.3d 834. Here, Plaintiff alleges a single cause of action on the State

5   Legislative created Judicial Council Form for Intentional Tort. No where in Plaintiff's

6   complaint does it state she is stating a claim under the Civil Rights Act. See Plaintiff's

7   complaint attached to the Declaration of Kelli E. George as **Exhibit B**.

8       Moreover, on page three (3) of Plaintiff's complaint on the Judicial Council form, in

9   section ten (10), where Plaintiff is required to state the causes of action she is alleging,

10  Plaintiff only stated she is bringing a cause of action for an Intentional Tort. No where did

11  Plaintiff indicate she was bringing a Civil Rights cause of action. The only place Plaintiff

12  attempts any reference at the federal Civil Rights Act is at the very bottom of the

13  description of her cause of action for an Intentional Tort. Here, Plaintiff references 21

14  U.S.C. sections 1983, 1985, and 1986. However, these citations do not exist. It is unclear

15  what Plaintiff is attempting to cite, which proves further that Plaintiff's cause of action was

16  not filed under the Civil Rights Act.

17  II.    **PLAINTIFF FAILED TO COMPLY WITH THE APPLICABLE**

18         **GOVERNMENT CODE PROVISIONS**

19      Plaintiff is required to comply with the claims provisions under California

20  Government Code sections 900, et seq. that apply to any and all actions for money or

21  damages made against public employees acting within the course and scope of

22  employment. The claims procedures and the statute of limitations applicable to actions

23  against public employees are the same for actions against public entities. See generally,

24  Cal. Govt. C. §§ 950-950.6. Thus, presentation of a claim to the public employer, and the

25  public employer's rejection of the claim, are normally a prerequisite to legal action against

26  a public employee for acts and omissions within the course and scope of public

27  employment. Cal. Govt. C. § 950.2.

28      The time limit to present a claim for causes of action for death, injury to person,

Selman Breitman LLP
ATTORNEYS AT LAW

1   injury to personal property, and injury to growing crops must be filed within six (6)

2   months after the accrual of the cause of action. Cal. Govt. C. § 911.2(a). Plaintiff's cause

3   of action accrued on December 20, 2003. Therefore, Plaintiff had until June 20, 2003 to

4   present a claim for causes of action to the City of Burlingame.

5       Furthermore, under California Government Code section 946.6, Plaintiff's only

6   recourse would be to apply to this court for leave to present a late claim. However, under

7   this section this petition is required to be brought within six months after the application to

8   the public entity is deemed denied. See, Cal. Govt. C. § 946.6. This means that Day

9   would have had to apply to this court one year after the accrual of her cause of action, by

10  December 20, 2004. Therefore, this court has no jurisdiction to entertain such a petition

11  from Plaintiff.

12      Additionally, since Plaintiff alleges a state cause of action, compliance with the

13  Government Tort Claims Act or the existence of circumstances excusing compliance, must

14  be alleged by the plaintiff to state a cause of action. *State v. Superior Court (Bodde)*

15  (2004) 32 Cal.4[th] 1234, 1239. Failure to allege compliance with this Government Tort

16  Claims Act requirements is grounds for demurrer. *State v. Superior Court, supra,* 32

17  Cal.4[th] 1234, 1239. If claims procedures were not fully satisfied before suit, the complaint

18  should allege facts sufficient to support one or more of the available grounds for excuse.

19  See, *e.g., Fredrichsen v. City of Lakewood* (1971) 6 Cal.3d 353; *Jamison v. State* (1973) 31

20  Cal.App.3d 513.

21      Plaintiff's complaint also fails to identify in section nine (9) of the complaint on

22  page two (2) whether Plaintiff complied with these claims provisions or is excused from

23  complying with these provisions. Therefore, Plaintiff's complaint is subject to demurrer by

24  Basurto as provided in *State v. Superior Court, supra,* 32 Cal.4[th] 1234, 1239.

25  **III.   PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND**

26      Plaintiff Day should not be granted leave to amend since the complaint is incapable

27  of amendment. There is no possibility that Day can cure her defective complaint by

28  amendment because of the time that has lapsed between the accrual of Day's cause of

3

Selman Breitman LLP
ATTORNEYS AT LAW

1  action and the time for her to present her claim to the City of Burlingame as required under

2  Cal. Govt. C. sections 900, et seq.

3  Leave to amend should be denied where the facts are not in dispute and the nature

4  of the claim is clear but no liability exists under substantive law, where the only issues are

5  legal ones. *Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436. The burden is

6  on the plaintiff to show in what manner he or she can amend the complaint, and how that

7  amendment will change the legal effect of the pleading. *Goodman v. Kennedy* (1976) 18

8  Cal.3d 335, 349.

9  Plaintiff's complaint states that she sustained her alleged injuries on December 20,

10  2003. Pursuant to Cal. Govt. C. section 911.2 a claim relating to a cause of action for

11  injury to person shall be presented *not later than six months* after the accrual of the cause

12  of action. See, Cal. Govt. C. § 911.2. Moreover, Plaintiff's only recourse would be to

13  apply to this court for leave to present a claim under Cal. Govt. C. section 946.6.

14  However, under this section this petition is required to be brought within six months after

15  the application to the public entity is deemed denied. See, Cal. Govt. C. § 946.6. This

16  means that Day only had one year after the accrual of her cause of action to bring a

17  petition. It has been over two years since Day's cause of action accrued, therefore this

18  court has no power to grant Day any relief. Therefore, Plaintiff has no recourse to cure her

19  defective complaint against Basurto and should not be granted leave to amend.

20  **IV.  CONCLUSION**

21  Basurto's demurrer should be granted because Plaintiff made a state claim and not a

22  claim under federal Civil Rights Act. Plaintiff should not be granted leave to amend since

23  this court lacks power to grant Plaintiff any relief from the claims procedures.

24  DATED:  June 22, 2006          SELMAN BREITMAN LLP

25

26                     By:_____

27                          GREGG A. THORNTON
                            KELLI B. GEORGE
                       Attorneys for Defendant

28                     Norma Basurto

4

**DEFENDANT NORMA BASURTO'S REPLY TO PLAINTIFF ALLYSON DAY'S OPPOSITION TO
DEFENDANT NORMA BASURTO'S DEMURRER**

Selman Breitman LLP
ATTORNEYS AT LAW

110237.1  555.21963

1

**PROOF OF SERVICE**

2
*Day v. Basurto, et al.*
San Mateo Superior Court Case No. 451745

3
STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4
I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **June 22, 2006**, I served the following document(s) described as **DEFENDANT NORMA BASURTO'S REPLY TO PLAINTIFF ALLYSON DAY'S OPPOSITION TO DEFENDANT NORMA BASURTO'S DEMURRER FOR FAILURE TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION** on the interested parties in this action as follows:

5

6

7

8
by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

9

10
John J. Hartford, Esq.            Attorneys For Plaintiff Allyson Day
LAW OFFICES OF JOHN J.           Telephone: (650) 366-7000
HARTFORD                         Fax: (650) 364-9454

11
2000 Broadway
P.O. Box 1207

12
Redwood City, CA 94064

13
☐   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17

18
☒   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered for delivery to the addressee(s).

19
☐   **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

20

21
☐   **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

22

23
☐   **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

24
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

25

26
Executed on **June 22, 2006**, at San Francisco, California.

27

28
GINA RINALDI

Selman Breitman LLP
ATTORNEYS AT LAW

108919.1 555.21963

1

# EXHIBIT F

9:00

5

CIV 451745    ALLYSON DAY VS. NORMA BASURTO


ALLYSON DAY          JOHN J. HARTFORD

NORMA BASURTO


DEMURRER TO COMPLAINT OF DAY BY NORMA BASURTO


·    **The request for judicial notice is GRANTED.**

·    **The demurrer for failure to allege compliance with California Tort Claims Act is not well taken. Williams v. Horvath (1976) 16 Cal.3d 834, 838-842; Greene v. Zank (1984) 158 Cal.App.3d 497, 502-503, and fn. 4. The Court notes that the Complaint does contain an error in stating that the civil rights claim is based upon Title 21, when it would have to be until Title 42. Accordingly, the demurrer on that basis is SUSTAINED WITH LEAVE TO AMEND to correct allege a federal claim for violation of civil rights.**

·    **Plaintiff shall file and serve her First Amended Complaint within 10 days.**

9:00

5

CIV 451745    ALLYSON DAY VS. NORMA BASURTO

ALLYSON DAY            JOHN J. HARTFORD

NORMA BASURTO

DEMURRER TO COMPLAINT OF DAY BY NORMA BASURTO

- **The request for judicial notice is GRANTED.**

- **The demurrer for failure to allege compliance with California Tort Claims Act is not well taken. <u>Wil</u>**
  **<u>Horvath</u> (1976) 16 Cal.3d 834, 838-842; <u>Greene v. Zank</u> (1984) 158 Cal.App.3d 497, 502-503, and fn. 4**
  **notes that the Complaint does contain an error in stating that the civil rights claim is based upon T**
  **would have to be until Title 42.  Accordingly, the demurrer on that basis is SUSTAINED WITH LEAV**
  **to correct allege a federal claim for violation of civil rights.**

- **Plaintiff shall file and serve her First Amended Complaint within 10 days.**

**EXHIBIT G**

982.1(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br>JOHN J. HARTFORD/50714<br>P.O. Box 1207<br>Redwood City, CA 94064-1207 | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO: 650/366-7000   FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff ALLYSON DAY

NAME OF COURT: SUPERIOR COURT, COUNTY OF SAN MATEO

STREET ADDRESS: 400 County Center

MAILING ADDRESS:

CITY AND ZIP CODE: Redwood City, CA 94063

BRANCH NAME:

PLAINTIFF: ALLYSON DAY

DEFENDANT: NORMA BASURTO, and

[X] DOES 1 TO ___50___

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[X] **AMENDED** *(Number):* FIRST
Type *(check all that apply):*
[ ] **MOTOR VEHICLE**   [X] **OTHER** *(specify):*
   [ ] **Property Damage**   [ ] **Wrongful Death**
   [X] **Personal Injury**   [X] **Other Damages** *(specify):* Legal, etc.

Jurisdiction *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE**
  Amount demanded   [ ] does not exceed $10,000
                [ ] exceeds $10,000, but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

1. PLAINTIFF *(name):*   ALLYSON DAY

alleges causes of action against DEFENDANT *(name):*  NORMA BASURTO and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: ___5___

3. Each plaintiff named above is a competent adult
  a. [ ] **except plaintiff** *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor   [ ] an adult
       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

  b. [ ] **except plaintiff** *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor   [ ] an adult
       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3.

Page 1 of 3

**COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death**
Code of Civil Procedure, § 425.12<br>Rose Printing Catalog #982.1(1)A

| SHORT TITLE: DAY/BASURTO | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
  is doing business under the fictitious name *(specify):*

  and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ plaintiff has complied with applicable claims statutes, **or**
  b. ☐ plaintiff is excused from complying because *(specify):*

SHORT TITLE:
DAY/BASURTO

CASE NUMBER:

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☒ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage *(specify):*     severe emotional distress

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Complaint—Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   b. The amount of damages is *(you must check (1) in cases for personal injury or wrongful death):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date:  June 28, 2006

JOHN J. HARTFORD
(TYPE OR PRINT NAME)

▶  /S/

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: DAY/BASURTO | CASE NUMBER: |
|---|---|

<u>FIRST</u> **CAUSE OF ACTION—Intentional Tort**    Page __4__
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* ALLYSON DAY

alleges that defendant *(name):* NORMA BASURTO

and ☒ Does ___1___ to ___50___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* December 20, 2003
at *(place):* Burlingame, California

*(description of reasons for liability):*
1. On December 20, 2003, Plaintiff was a citizen of the U.S. exercising her First Amendment rights by speaking and associating with ALICE KLIMA, also a citizen of the U.S., in Burlingame, California, while they were traveling in a vehicle operated by Plaintiff.
2. On said date, Defendant was a uniformed police officer employed by the Burlingame Police Department.
3. On said date, KEKY DURREN, also a citizen of the U.S., was also a police officer so employed by the Burlingame Police Department.
4. Prior to said date, Defendant and KEKY DURREN were involved in a serious romantic relationship which the latter eventually terminated in favor of ALICE KLIMA such that KEKY DURREN and ALICE KLIMA were involved in a serious romantic relationship on and prior to December 20, 2003.
5. On said date, Defendant harbored malice and ill will towards both KEKY DURREN and ALICE KLIMA which was rooted in jealousy and resentment.
6. On said date, Defendant while on patrol in uniform and acting at all times under color of law and while operating a marked police vehicle stopped Plaintiff after observing that ALICE KLIMA was a passenger in Plaintiff's vehicle. There was no probable cause for said stop. Defendant arrested Plaintiff for allegedly being under the influence of alcohol while operating a motor vehicle. Defendant so acted solely out of said malice and ill will and for the purpose of depriving Plaintiff of the full and equal protection of the laws and the full enjoyment and exercise of her said First Amendment rights of free speech and association as well as travel. Defendant falsified her reports of the arrest so as to enhance the success of a future prosecution all for the same reasons.
7. Plaintiff was eventually prosecuted criminally but all charges were eventually dismissed for lack of credible evidence.
8. Plaintiff incurred substantial legal expenses in successfully defending herself against said false charges and suffered severe emotional distress all as a proximate result of said conduct of Defendant.
9. By virtue of the foregoing, Defendant violated the civil rights of Plaintiff by depriving her of said rights and to be free of discrimination per 42 USC §§1983, 1985, and 1986.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)    **CAUSE OF ACTION—Intentional Tort**    CCP 425.12

| SHORT TITLE: DAY/BASURTO | CASE NUMBER |
|---|---|

## Exemplary Damages Attachment

Page ___5___

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

EX-1. As additional damages against defendant *(name)*:  NORMA  BASURTO

Plaintiff alleges defendant was guilty of
☒ malice
☐ fraud
☒ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
1. Plaintiff refers to and incorporates herein by reference the allegations in ¶ IT-1 and incorporates same herein by reference.
2. Bottomline, Defendant abused Plaintiff in a manner intolerable in a civilized society.

EX-3. The amount of exemplary damages sought is
a. ☒ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☐ $

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(13)

**Exemplary Damages Attachment**

CCP 425.12
Catalog # 982.1(13)

1          PROOF OF SERVICE

2      I, JOHN J. HARTFORD, declare:

3      I am employed in the County of San Mateo, California. I am

4 over the age of eighteen years, am not a party to the within action,

5 and my business address is 2000 Broadway, P.O. Box 1207, Redwood

6 City, California 94064.

7      On _____6/28_____, 2006, I served the following:

8 _FIRST AMENDED COMPLAINT_____

9 _____

10 _____

11 _____

12 by placing a true copy thereof in a sealed envelope with the post-

13 age thereon fully prepaid in the mail in the County of San Mateo,

14 California, addressed as follows to the following:

15 GREGG A. THORNTON
   SELMAN BREITMAN
16 33 New Montgomery, 6th Fl.
   San Francisco, CA 94105
17

18

19

20

21

22

23      I declare under penalty of perjury that the foregoing is

24 true and correct. Executed on _____6/28_____, 2006,

25 at Redwood City, California.

26

27                              _____
                                JOHN J. HARTFORD
28

**PROOF OF SERVICE**

*Day v. Basurto, et al.*
San Mateo Superior Court Case No. 451745

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 33 New Montgomery, Sixth Floor, San Francisco, CA 94105. On **July 6, 2006**, I served the following document(s) described as **NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §1441(b)** on the interested parties in this action as follows:

by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| John J. Hartford, Esq. | Attorneys For Plaintiff |
| Law Offices of John J. Hartford | Allyson Day |
| 2000 Broadway | |
| P.O. Box 1207 | Telephone: (650) 366-7000 |
| Redwood City, CA 94064 | Fax: (650) 364-9454 |

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to for delivery to the addressee(s).

☐ **BY E-MAIL:** I transmitted a copy of the foregoing documents(s) via e-mail to the addressee(s).

☐ **BY FAX:** I transmitted a copy of the foregoing documents(s) via telecopier to the facsimile numbers of the addressee(s), and the transmission was reported as complete and without error.

☐ **BY PERSONAL SERVICE:** I personally delivered such envelope by hand to the offices of the addressee(s).

Selman Breitman LLP
ATTORNEYS AT LAW

108919.1 555.21963

1

1   I declare under penalty of perjury under the laws of the State of
    California that the foregoing is true and correct.

2
    Executed on **July 6, 2006**, at San Francisco, California.
3

4                                          GINA RINALDI

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

108919.1  555.21963

2